UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WILLIAM ANTHONY HENDERSON                CIVIL ACTION

VERSUS                                   NO. 17-7788

DARREL VANNOY                            SECTION "R" (4)


## ORDER AND REASONS

Before the Court is William Henderson's petition for federal habeas corpus relief under 28 U.S.C. § 2254.[1] The Magistrate Judge recommends that Henderson's petition be dismissed without prejudice for failure to exhaust state court remedies.[2] In response, Henderson does not dispute the Magistrate Judge's conclusion that several of the claims presented in his petition are unexhausted.[3] Instead, Henderson moves the Court to stay these proceedings to allow petitioner to litigate his unexhausted claims in state court.[4] The Court has reviewed *de novo* the petition, the record, the applicable law, and the Magistrate Judge's Report and Recommendation, and it finds that the Magistrate Judge's recommended ruling is correct and that a stay is inappropriate.

A federal habeas petition should typically be dismissed if the petitioner has failed to exhaust all available state remedies. *Piller v. Ford*, 542 U.S. 225, 227

---

[1] R. Doc. 1.
[2] R. Doc. 18.
[3] *See* R. Doc. 19.
[4] *Id.*; *see also* R. Doc. 21.

(2004) ("[F]ederal district courts must dismiss 'mixed' habeas corpus petitions—those containing both unexhausted and exhausted claims.") (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). The dismissal without prejudice of a "mixed" petition, however, may result in a subsequent petition being barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that section 2244(d)'s one-year limitation period is not tolled during the pendency of federal habeas proceedings). In light of this dilemma, federal courts are authorized to stay a habeas petition and hold it in abeyance while a petitioner exhausts his claims in state court. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Such stays, however, are available only in limited circumstances. *Id.* A district court should stay federal habeas proceedings to allow a petitioner to exhaust state remedies only when the district court finds that (1) the petitioner has good cause for failure to exhaust his claim, (2) the claim is not plainly meritless, and (3) the petitioner has not engaged in intentional delay. *Schillereff v. Quarterman*, 304 F. App'x 310, 314 (5th Cir. 2008) (citing *Rhines*, 544 U.S. at 277-78).

Here, Henderson does not dispute that he has failed to exhaust his state court remedies as to all but one of the claims raised in his federal habeas petition.[5] The only explanation that he provides for his failure to exhaust is that he filed his application for post-conviction relief in state court *pro se*.[6] A petitioner's *pro se*

---

[5] R. Doc. 19 at 4; R. Doc. 21 at 2 ¶¶ 2-3.
[6] R. Doc. 21 at 3 ¶¶ 8-10; R. Doc. 21-1 at 5-6.

status, however, does not constitute good cause to excuse a failure to exhaust. *Thompson v. Tanner*, No. 14-924, 2014 WL 5325027, at *5 (E.D. La. Oct. 17, 2014) (citing *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004)). Accordingly, the Court finds that Henderson has failed to demonstrate good cause to excuse his failure to exhaust, and that a stay and abeyance is unwarranted. *See Byrd v. Thaler*, No. 10-21, 2010 WL 2228548, at *4 (N.D. Tex. June 3, 2010) (finding it unnecessary to address remaining *Rhines* factors when petitioner fails to demonstrate good cause).

Nevertheless, the Court recognizes that dismissing Henderson's petition without prejudice would effectively preclude federal review of his exhausted claim because any subsequent petition would be barred by Section 2244(d)'s one-year limitations period.[7] Under these circumstances, district courts are instructed to allow a petitioner to withdraw the unexhausted claims and litigate the exhausted claim properly before the court. *See Rhines*, 544 U.S. at 278 ("[I]f a petitioner presents a district court with a mixed petition and the court determines that a stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the

---

[7] After his conviction became final on June 19, 2014, Henderson first pursued post-conviction relief in state court on February 18, 2015. The Louisiana Supreme Court ultimately denied his writ application on April 13, 2017. Henderson then filed his federal habeas petition on August 12, 2017. Thus, the one-year limitations period for filing a subsequent petition has already expired. *See Duncan*, 533 U.S. at 181–82 (holding that Section 2244(d)'s one-year limitation period continues to run during the pendency of federal habeas proceedings).

3

entire petition would unreasonably impair the petitioner's right to obtain habeas relief."). Accordingly, the Court will allow Henderson 30 days from the entry of this order to amend his federal habeas petition to state only the claim that he has already exhausted, as identified by the Magistrate Judge's Report and Recommendation, and to withdraw those unexhausted claims that he wishes to pursue in state court.

For the foregoing reasons, the Court adopts the Magistrate Judge's Report and Recommendation as its opinion herein. It DENIES Henderson's motion to stay the proceedings. IT IS HEREBY ORDERED that Henderson has 30 days from the entry of this order to amend his petition to allege only the claim that the Magistrate Judge has determined is exhausted and thus properly before the Court.

New Orleans, Louisiana, this __9th__ day of November, 2018.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE